# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 01-202-07-CR-W-NKL |
| EDGAR NOE GANDARA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Edgar Noe Gandara's pro se Motion for Modification of Sentence [Doc. # 454]. For the following reasons, the Court denies the motion.

On January 20, 2006, pursuant to a plea agreement, Gandara pleaded guilty to conspiring to distribute more than 500 grams of cocaine. Gandara appealed his sentence but later voluntarily dismissed the appeal. He brought a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the Government breached his plea agreement at sentencing; that motion was denied.

Gandara moves for a modification of his sentence pursuant to 18 U.S.C. §3582(c)(2). Gandara argues that Amendment 591 to the United States Sentencing Guidelines worked to retroactively reduce his Guidelines range, such that he is entitled to a three-level reduction in his base offense level. He argues that he only attempted, but did not complete, the acts in the conspiracy for which he was charged.

A sentencing court "may reduce a defendant's term of imprisonment if his sentence was based on a guideline range subsequently lowered by the Sentencing Commission, 18 U.S.C. § 3582(c)(2), and the amendment is listed in USSG § 1B1.10(c) as retroactive." *United States v. Jones*, 143 Fed. Appx. 526, 527 (4th Cir. 2005) (citing U.S. Sentencing Guidelines Manual § 1B1.10(a)). Amendment 591 is one of the listed amendments which applies retroactively. *Id.* However, a "reduction . . . is not authorized under 18 U.S.C. § 3592(c)(2) if [a listed amendment] does not have the effect of lowering the defendant's applicable guidelines range." U.S. Sentencing Guidelines Manual § 1B1.10 n.2. *See also United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008).

Even assuming that Amendment 591 applies to Gandara's sentencing (the Government argues that it does not), the amendment does not have the effect of "subsequently" lowering his applicable guidelines range as required for a sentence reduction under § 3582(c)(2). Amendment 591 became effective on November 1, 2000, more than five years before Gandara was sentenced. The amendment would have been considered in the original presentence report computation of Gandara's Sentencing Guidelines range. Where an amendment becomes effective before a defendant is sentenced, a motion to modify sentence is not based upon the "subsequent" lowering of that sentence by the amendment. *See United States v. Turner*, 216 Fed. Appx. 604, 605 (8th Cir. 2007) (per curiam) (affirming dismissal of a § 3582(c)(2) motion based on Amendment 591 because that amendment was effective more than three years before the defendant was sentenced) (citing *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam); *United States v. Ibarra-Torres*, 161 Fed.

2

Appx. 613 (8th Cir. 2006) (per curiam)). Amendment 591 does not work to retroactively reduce Gandara's sentencing guidelines range.

Accordingly, it is hereby ORDERED that Gandara's motion to modify his sentence [Doc. # 454] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 10, 2009
Jefferson City, Missouri